LEWIS HISTORICAL PUBLISHING COMPANY *vs.* CHARLES W.
GREENE ET AL., Adm'rs.

JUNE 13, 1917.

PRESENT:   Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

*(1)   Probate Law and Procedure.   Pleading.   Amendment.*

Where an action was brought against an estate of a decedent within. six
   months after the disallowance of the claim, an amendment to the declara-
   tion made more than six months after such disallowance, setting out
   the filing of the claim and that it had been disallowed, was properly
   permitted, as such amendment effected no change in the cause of action
   as originally commenced.

ASSUMPSIT.   Heard on exceptions of defendant and
overruled.

BAKER, J.   This is an action of assumpsit brought by
the Lewis Historical Publishing Company, a New. York
corporation, against Charles W. Greene and John E.
Bolan, administrators with will annexed of the estate of
Abby A. Cole, late of Warren, in this State, deceased.
The writ is dated October 8, 1914, and was served the fol-
lowing day.

The amended declaration contains five counts, the first
three on book account, while the fourth and fifth counts
allege two written contracts signed by said testatrix, each
containing a promise to pay three hundred dollars for the
performance of certain work.

On September 20, 1916, the plaintiff moved to amend
each of said counts by inserting the following words,
namely: "And the plaintiff avers that it filed its said
claim against the said estate of Abby A. Cole in the Pro-
bate Court of the Town of Warren on the 16th day of
April, 1914, and that on, to wit, the 2nd day of Septem-
ber, 1914, the said claim was disallowed by the adminis-

trators of the estate of Abby A. Cole." On September 30, 1916, the motion was granted, and the defendants duly excepted to this ruling of the court.

The case was tried on the 24th and 25th days of January, 1917, and at the conclusion of the testimony the jury by direction of the court returned a verdict in favor of the plaintiff for seven hundred and twenty dollars, to which direction the defendant duly excepted.

The case is before this court on defendant's bill of exceptions containing said two exceptions.

The defendants claim that the action of the Superior Court in allowing said amendment to the declaration was erroneous and illegal. Chapter 314 of the General Laws, in Sections 3, 6 and 11, makes provision for the filing of claims of creditors against a decedent's estate in the office of the Probate Clerk within a certain time after the first publication of notice of the qualification of the executor or administrator; for the disallowance of such claims by the executor or administrator, and for the bringing of suits on such disallowed claims within six months after notice of their disallowance.

In *Municipal Court* v. *Bostwick,* 31 R. I. 550, 558, this court held that, " as it is necessary to prove these essential steps have been taken " as to the filing and disallowance of claims against an estate, " it is also necessary to aver in the declaration a compliance with the law in these respects," and that if such averments have been omitted the court may allow the amending of the declaration in these particulars. See, also, *Roberts* v. *White,* 32 R. I. 185, 191, and Section 4 of Chapter 285 of the General Laws therein quoted, and *Taylor* v. *Superior Court,* 30 R. I. 560, 569.

The defendant relies on *Gilbane* v. *Hawkins,* 29 R. I. 502, and *Carney* v. *Hawkins,* 34 R. I. 297. Those cases involved this state of facts. After the disallowance of a claim filed in a Probate Court, claimant brought suit

against the executor personally, describing him as administrator, and averring the contracting of the indebtedness and a promise by the defendant only, without any allegation that it was an indebtedness of the deceased testator, and more than a year after notice of such disallowance by agreement of parties the writ and declaration were amended so as to make it a suit against the estate of the deceased testator. This court held that this amendment of the pleadings was in legal effect the instituting of a new action against the estate after the expiration of the statutory period allowed for bringing such action, and that the claim against the estate had been extinguished. See *Carney* v. *Hawkins, supra,* pages 302, 303 and cases cited.

The present case presents a different situation. The claim now sued on was properly filed and the action was (1) duly commenced against the administrators and in the amended declaration are set forth the alleged contracts with the testatrix, their performance by the plaintiff, and the neglect or refusal of Abby A. Cole in her lifetime, and of the defendants as such administrators since her death, to pay the sums of money due the plaintiff, although often requested so to do. This action was originally brought against the Estate of Abby A. Cole for the recovery of money claimed to be due under said contracts. The permitted amendment effects no change in the cause of action as originally commenced. There was, therefore, no error on the part of the Superior Court in allowing the declaration to be amended, and the first exception is accordingly overruled. See *Atlantic Mills* v. *Superior Court,* 32 R. I. 285, 289; *Chobanian* v. *Washburn Wire Co.,* 33 R. I. 289, 300 *et seq.; Taylor* v. *Superior Court, supra,* 31 Cyc. 407, 408.

As to the second exception it appears in evidence that at some time before July 8, 1913, an agent of the plaintiff, named Robinson, had secured an order from the de-

ceased, Abby A. Cole, for a genealogical sketch of the Cole family for publication, which sketch was to be prepared by the plaintiff from data furnished by her and, when prepared, was to be submitted to her. Another agent of the plaintiff named Charles E. Beans took this sketch with him and called upon Miss Cole on said July 8th. She suggested certain corrections and changes in the sketch, which were then made, whereupon she endorsed on the sketch thus corrected her approval of it. On the same day she signed and delivered to Mr. Beans two orders addressed to the plaintiff, one of which was of the tenor following: '' Please execute for me a Mezzo Steel Plate Portrait of Isaiah Cole, for which I promise to pay you, or your order, the sum of three hundred dollars upon submission of proof impression of the portrait, and I hereby authorize you to print, copyright, and insert the same in the work entitled: Historic Families of New England. And I do further agree to furnish within 10 days a photograph for such reproduction; plate to be delivered to me upon completion of publication. Books not included in this contract.'' The other order was identical except that the name Daniel Cole appears in place of the name Isaiah Cole. Isaiah was the father and Daniel the brother of Abby A. Cole and both had died many years ago. She forthwith furnished the photographs referred to, and on August 12, 1913, proof impressions of the Mezzo portraits were submitted to her, and on the same day her approval of the same was endorsed thereon. She said she was not prepared to pay that day and had not expected plaintiff's agent so soon, also that she was arranging to sell some property and would do so in a few days, and, therefore, she asked the agent to call again later. He called her up by telephone on two different occasions afterwards and each time was informed that she was sick. He never saw her again, as she died in December, 1913.

Early in 1915 the four volumes constituting the work entitled " New England Families: Genealogical and Memorial," the third volume of which contains said sketch of the Cole family, accompanied with Mezzo portraits of Isaiah Cole and Daniel Cole, were completed and sent to said administrators, together with said steel plates and proof impressions. No part of this testimony is disputed. The testimony offered by defence is to the effect that Miss Cole in the summer of 1913 was a woman seventy-five years of age, " kind of feeble," and that her eyesight was very poor, so that in reading, she used a reading glass, which was a magnifying glass with a handle to it, but that " mentally she was all right." It further appeared that she was interested in genealogy and made a hobby of it during the latter years of her life, and that as late as October 9th, 1913, she executed her last will, which consists of twenty-eight paragraphs, some of them of considerable length, creating trust estates and containing detailed instructions, and makes disposition of a very considerable estate, both real and personal. Indeed, the defendants in their brief admit " that she was a woman of intelligence, keenly interested in her family history and in genealogy; that she had previously subscribed for the said work entitled " New England Families: Genealogical and Memorial; " and that subsequently she had caused an extended will to be drawn and had duly executed it, being of sound and disposing mind and memory."

Attention is called to the fact that the name of the work published and delivered is not the same as that mentioned in the orders. It appears from the testimony that the plaintiff has never published any work entitled " Historic Families of New England." That question might be entitled to consideration if this were an action to recover the price of the work. As already stated, however, this action is for the purpose of recovering the cost

of the two Mezzo Steel Plates referred to in the orders declared on. By the terms of the orders they were to be paid for " upon submission of proof impression of the portrait." As proof impressions were submitted August 12, 1913, and were approved, the price agreed upon for them then became due and payable. Payment by the terms of the contract was not conditioned upon publication.

Upon the state of facts as disclosed by the testimony we think there was no error in the court's direction of a verdict fo.r the plaintiff.

Both of the defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Edward C. Stiness, Daniel H. Morrissey,* for plaintiff.
*George L. Cooke,* for defendants.